**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HOWARD NOURIELI, an individual, and
BOWERY KITCHEN SUPPLIES, INC., a New
York Corporation,

                        Plaintiffs

v.

MARCUS LEMONIS, an individual, MARCUS
LEMONIS, LLC, a Delaware limited liability
company, CWI, INC., a Kentucky corporation,
MACHETE CORPORATION d/b/a MACHETE
PRODUCTIONS, a California corporation, and
DOES 1 through 10, inclusive,

                        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 1:20-cv-08233-JPO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS MARCUS LEMONIS AND**
**MARCUS LEMONIS, LLC'S ANSWER TO FIRST AMENDED**
**<u>COMPLAINT WITH AFFIRMATIVE DEFENSES AND FIRST AMENDED</u>**
**<u>COUNTERCLAIMS</u>**

Pursuant to Federal Rule of Civil Procedure 12(a) and this Court's August 6, 2021 Order (Dkt. No. 57), Defendants Marcus Lemonis ("Lemonis") and Marcus Lemonis, LLC (collectively, the "ML Defendants") respectfully submit their Answer to the Amended Complaint (Dkt. No. 21) (the "Complaint") of Plaintiffs Howard Nourieli ("Nourieli") and Bowery Kitchen Supplies, Inc. ("Bowery Kitchen") (collectively, "Plaintiffs") with Affirmative Defenses and First Amended Counterclaims, and allege as follows:

**<u>ANSWER</u>**

**<u>GENERAL DENIAL REGARDING HEADINGS</u>**

To the extent the headings in the Complaint include allegations or implications regarding the ML Defendants, ML Defendants deny any and all such allegations or implications.

## INTRODUCTION

1.     Paragraph 1 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.   Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 1 of the Complaint.

2.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2 of the Complaint.

3.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3 of the Complaint.

4.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 of the Complaint.

5.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 5 of the Complaint, except that ML Defendants deny the allegation in paragraph 5 that "Defendants sidetracked this plan."

6.     ML Defendants admit that Lemonis appears in a CNBC television series titled *The Profit* and that he states during episodes of *The Profit* that "[t]here is one condition, I am 100 percent in charge."   ML Defendants deny the remaining allegations set forth in paragraph 6 of the Complaint.

7.     ML Defendants admit that Lemonis is the Chairman and Chief Executive Officer of Defendant CWI, Inc. ("Camping World"), that CWI provides RV maintenance services, that Camping World is incorporated in Kentucky, and that Camping World's principal place of business is in Lincolnshire, Illinois.   ML Defendants deny the remaining allegations set forth in paragraph 7 of the Complaint.

8.     ML Defendants state that no response to paragraph 8 of the Complaint is required

in light of the Court's Opinion and Order, dated August 6, 2021 (Dkt. No. 57) (the "Order") dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants admit that Machete Corporation ("Machete") now produces *The Profit* although it was not the original producer, and that Machete is incorporated and has its principal place of business in California. ML Defendants deny the remaining allegations set forth in paragraph 8 of the Complaint.

9.      ML Defendants admit that Plaintiffs and Robyn Coval ("Coval") appeared on an episode of *The Profit*, and respectfully refer the Court to that episode of *The Profit* for a complete and accurate recitation of the contents of that episode. ML Defendants deny the remaining allegations set forth in paragraph 9 of the Complaint.

10.      ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 10 of the Complaint regarding the alleged closure of Bowery Kitchen. ML Defendants deny the remaining allegations set forth in paragraph 10 of the Complaint.

11.      ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 11 of the Complaint regarding the alleged "complaints from customers." ML Defendants deny the remaining allegations set forth in paragraph 11 of the Complaint.

12.      ML Defendants state that no response to paragraph 12 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 12 of the Complaint.

13.      Paragraph 13 of the Complaint sets forth legal claims and arguments, for which

no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 13 of the Complaint.

**PARTIES**

14. ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 14 of the Complaint.

15. ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 15 of the Complaint.

16. ML Defendants admit that Lemonis is an individual domiciled in Illinois, that he is an investor, that he is a television personality appearing on CNBC's *The Profit*, and that he is the chairman and CEO of Camping World, Good Sam Enterprises, Gander Outdoors, and The House Boardshop. ML Defendants deny the remaining allegations set forth in paragraph 16 of the Complaint.

17. ML Defendants admit that Marcus Lemonis, LLC is organized under the laws of Delaware, that it maintains its principal place of business in Illinois, that the sole member of Marcus Lemonis, LLC is Marcus Lemonis Enterprises, LLC, whose sole member is the Marcus Lemonis Revocable Trust, whose trustee is Marcus Lemonis, and that Marcus Lemonis Enterprises LLC has its principal place of business in Illinois. ML Defendants deny the remaining allegations set forth in paragraph 17 of the Complaint.

18. ML Defendants state that no response to paragraph 18 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required. ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 18 of the Complaint, except admit that Machete is a television production company

that now produces *The Profit* although it was not the original producer, and that Machete is incorporated and maintains it principal place of business in California, deny that Machete "acts in a complicit manner under Lemonis to select vulnerable, otherwise successful family business, to manipulate defraud" and deny that Machete is the agent for the ML Defendants.

19.     ML Defendants admit that Camping World sells recreational vehicle parts and accessories, that Camping World is incorporated in Kentucky, and that Camping World's principal place of business is in Lincolnshire, Illinois.  ML Defendants deny the remaining allegations set forth in paragraph 19 of the Complaint.

20.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22.     Paragraph 22 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24.     ML Defendants deny the allegations set forth in paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 25 of the Complaint.

## JURISDICTION AND VENUE

26.     Paragraph 26 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, ML Defendants admit that the Court has subject matter jurisdiction over this action.

27.     Paragraph 27 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, ML Defendants admit the allegations set forth in paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, ML Defendants admit that this Court has subject matter jurisdiction based on 28 USC § 1332. However, as to the remaining allegations in paragraph 28 regarding Plaintiffs' alleged amount in controversy, ML Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations.

29.     Paragraph 29 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 29 of the Complaint.

## FACTS

### 1.

#### 1.1

30.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 30 of the Complaint.

31.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 31 of the Complaint.

32.     ML Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations set forth in paragraph 32 of the Complaint.

33.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 33 of the Complaint.

34.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 34 of the Complaint.

35.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 35 of the Complaint.

**1.2**

36.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 36 of the Complaint.

37.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 37 of the Complaint.

38.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 38 of the Complaint, except that to the extent the use of the defined term "Infringed Mark" implies that Plaintiffs' trademark has been infringed by ML Defendants, ML Defendants deny any such allegation.

**1.3**

39.     ML Defendants admit that Lemonis is an entrepreneur, that he is a television personality appearing on *The Profit*.  ML Defendants deny the remaining allegations set forth in paragraph 39 of the Complaint.

40.     ML Defendants deny the allegations set forth in paragraph 40 of the Complaint and respectfully refer the Court to each episode of *The Profit* referenced in paragraph 40 for a true and accurate recitation of the contents of each episode.

41.     ML Defendants deny the allegations set forth in paragraph 41 of the Complaint and respectfully refer the Court to each episode of *The Profit* referenced in paragraph 41 for a true and accurate recitation of the contents of each episode, and to the website referenced in paragraph 41 of the Complaint for a true and accurate recitation of its contents.

42.     ML Defendants deny the allegations set forth in paragraph 42 and respectfully refer the Court to the website referenced in paragraph 42 of the Complaint for a true and accurate recitation of the website's contents.

43.     ML Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44.     ML Defendants deny the allegations set forth in paragraph 44 of the Complaint.

**1.4**

45.     ML Defendants state that no response to paragraph 45 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required. ML Defendants deny the allegations set forth in paragraph 45 and respectfully refer the Court to the filings in the referenced lawsuits for a complete and accurate recitation of the contents of those filings.

46.     ML Defendants state that no response to paragraph 18 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required ML Defendants deny the allegations set forth in paragraph 46 and respectfully refer the Court to the filings in the referenced lawsuit for a complete and accurate recitation of the contents of those filings.

**2.**

47.     ML Defendants state that no response to the remaining allegations set forth in paragraph 47 of the Complaint is required in light of the Court's Order dismissing Plaintiffs'

fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 47 of the Complaint.

48.     ML Defendants state that no response to paragraph 48 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, Paragraph 48 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49.     ML Defendants state that no response to paragraph 49 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, Paragraph 49 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50.     ML Defendants state that no response to paragraph 50 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, Paragraph 50 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51.     ML Defendants state that no response to the remaining allegations set forth in paragraph 51 of the Complaint is required in light of the Court's Order dismissing Plaintiffs'

fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 51 of the Complaint.

52. ML Defendants state that no response to the remaining allegations set forth in paragraph 52 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 52 of the Complaint.

53. ML Defendants state that no response to the remaining allegations set forth in paragraph 53 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 53 of the Complaint.

54. ML Defendants state that no response to the remaining allegations set forth in paragraph 54 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 54 of the Complaint regarding the alleged Skype interview. and deny the remaining allegations set forth in paragraph 54 of the Complaint.

55. ML Defendants state that no response to the remaining allegations set forth in paragraph 55 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations set forth in paragraph 55 of the Complaint.

56. ML Defendants state that no response to the remaining allegations set forth in paragraph 56 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 56 of the Complaint.

57. ML Defendants state that no response to the remaining allegations set forth in paragraph 57 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 57 of the Complaint, except that ML Defendants deny the allegations regarding Caroyln Devito's appearance on *The Profit* and respectfully refer the Court to that episode of *The Profit* for a complete and accurate representation of its contents.

58. ML Defendants state that no response to the remaining allegations set forth in paragraph 58 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 58 of the Complaint.

59. ML Defendants state that no response to the remaining allegations set forth in paragraph 59 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations set forth in paragraph 59 of the Complaint.

60. ML Defendants state that no response to the remaining allegations set forth in paragraph 60 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 60 of the Complaint.

61. ML Defendants state that no response to the remaining allegations set forth in paragraph 61 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 61 of the Complaint.

62. ML Defendants state that no response to the allegations set forth in paragraph 62 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63. ML Defendants state that no response to paragraph 63 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 63 of the Complaint.

64. ML Defendants state that no response to the remaining allegations set forth in paragraph 64 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a

response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 64 of the Complaint.

**2.1**

65.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 65 of the Complaint.

66.     ML Defendants deny the allegations set forth in paragraph 66 of the Complaint and respectfully refer the Court to the episode of *The Profit* referenced in paragraph 66 for a true and accurate recitation of the contents of that episode.

67.     ML Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68.     ML Defendants deny the allegations set forth in paragraph 68 of the Complaint and respectfully refer the Court to the episode of *The Profit* referenced in paragraph 68 for a true and accurate recitation of the contents of that episode.

69.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 69 of the Complaint regarding Nourieli's knowledge.   ML Defendants deny the remaining allegations set forth in paragraph 69 of the Complaint.

70.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 70 of the Complaint.

71.     ML Defendants state that no response to the allegations set forth in paragraph 71 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.   Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72.     ML Defendants state that no response to the allegations set forth in paragraph 72

of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 72 of the Complaint.

### 2.1.1

73.    ML Defendants state that no response to the allegations set forth in paragraph 73 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 73 of the Complaint.

74.    ML Defendants state that no response to the allegations set forth in paragraph 74 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 74 of the Complaint.

75.    ML Defendants state that no response to the allegations set forth in paragraph 75 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 75 of the Complaint.

76.    ML Defendants state that no response to the allegations set forth in paragraph 76 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 76 of the Complaint.

77.    ML Defendants state that no response to the allegations set forth in paragraph 77 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required,

ML Defendants deny the allegations set forth in paragraph 77 of the Complaint.

78.     ML Defendants state that no response to the allegations set forth in paragraph 78 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 78 of the Complaint.

79.     ML Defendants state that no response to the allegations set forth in paragraph 79 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 79 of the Complaint.

80.     ML Defendants state that no response to the allegations set forth in paragraph 80 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 80 of the Complaint and respectfully refer the Court to the episode of *The Profit* referenced in paragraph 80 for a true and accurate recitation of the contents of that episode.

81.     ML Defendants state that no response to the allegations set forth in paragraph 81 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 81 of the Complaint.

82.     ML Defendants state that no response to the allegations set forth in paragraph 82 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required,

ML Defendants deny the allegations set forth in paragraph 82 of the Complaint.

**2.2.**

83.     ML Defendants state that no response to the allegations set forth in paragraph 83 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 83 of the Complaint and respectfully refer the Court to the episode of *The Profit* referenced in paragraph 83 for a true and accurate recitation of the contents of that episode.

84.     ML Defendants state that no response to the allegations set forth in paragraph 84 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 84 of the Complaint.

85.     ML Defendants state that no response to the allegations set forth in paragraph 85 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 85 of the Complaint.

86.     ML Defendants state that no response to the allegations set forth in paragraph 86 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 86 of the Complaint.

87.     ML Defendants state that no response to the allegations set forth in paragraph 87 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required,

ML Defendants deny the allegations set forth in paragraph 87 of the Complaint.

88.     ML Defendants deny the allegations set forth in paragraph 88 of the Complaint and respectfully refer the Court to Exhibit B to the Complaint for a true and accurate recitation of its contents.

89.     ML Defendants deny the allegations set forth in paragraph 89 of the Complaint and respectfully refer the Court to Exhibit B to the Complaint for a true and accurate recitation of its contents.

90.     ML Defendants deny the allegations set forth in paragraph 90 of the Complaint and respectfully refer the Court to Exhibit B to the Complaint for a true and accurate recitation of its contents.

91.     ML Defendants state that no response to the allegations set forth in paragraph 91 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 91 of the Complaint regarding Plaintiffs' expenses, lines of credit, staff credit cards, and favors, and deny the remaining allegations set forth in paragraph 91 of the Complaint.

92.     ML Defendants state that no response to the allegations set forth in paragraph 92 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 92 of the Complaint.

**2.3**

93.     ML Defendants deny the allegations set forth in paragraph 93 of the Complaint

and respectfully refer the Court to the episode of *The Profit* referenced in paragraph 93 for a true and accurate recitation of the contents of that episode.

### 2.3.1

94.     ML Defendants deny the allegations set forth in paragraph 94 of the Complaint and respectfully refer the Court to the January 4, 2017 email referenced in paragraph 94 and to Exhibits C and D to the Complaint for a true and accurate recitation of their contents.

95.     ML Defendants deny the allegations set forth in paragraph 95 of the Complaint and respectfully refer the Court to Exhibit C to the Complaint for a true and accurate recitation of its contents.

96.     ML Defendants deny the allegations set forth in paragraph 96 of the Complaint and respectfully refer the Court to Exhibit D to the Complaint for a true and accurate recitation of its contents.

97.     ML Defendants deny the allegations set forth in paragraph 97 of the Complaint.

98.     ML Defendants deny the allegations set forth in paragraph 98 of the Complaint and respectfully refer the Court to the documents referenced in paragraph 98 for a true and accurate recitation of their contents.

99.     ML Defendants deny the allegations set forth in paragraph 99 of the Complaint and respectfully refer the Court to the documents referenced in paragraph 99 for a true and accurate recitation of their contents.

100.     ML Defendants deny the allegations set forth in paragraph 100 of the Complaint.

### 2.3.2

101.     ML Defendants deny the allegations set forth in paragraph 101 of the Complaint and respectfully refer the Court to the communications referenced in paragraph 101 for a true and accurate recitation of their contents.

102.	ML Defendants deny the allegations set forth in paragraph 102 of the Complaint and respectfully refer the Court to the June 5, 2017 email referenced in paragraph 102 for a true and accurate recitation of its contents.

103.	ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 103 of the Complaint regarding whether Dombroski, Nourieli, and Coval met on or about June 6, 2017. ML Defendants deny the remaining allegations set forth in paragraph 103 of the Complaint.

104.	ML Defendants deny the allegations set forth in paragraph 104 of the Complaint and respectfully refer the Court to the June 9, 2017 emails referenced in paragraph 104 for a true and accurate recitation of their contents.

### 2.3.3

105.	ML Defendants deny the allegations set forth in paragraph 105 of the Complaint.

106.	ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 106 of the Complaint regarding Plaintiffs' receipt of purported email inquiries or notifications to Nourieli and Coval. ML Defendants deny the remaining allegations set forth in paragraph 106 of the Complaint.

107.	ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 107 of the Complaint regarding what Nourieli and Coval "found out." ML Defendants deny the remaining allegations set forth in paragraph 107 of the Complaint.

108.	ML Defendants deny the allegations set forth in paragraph 108 of the Complaint and respectfully refer the Court to the communications referenced in paragraph 108 for a true and accurate recitation of their contents.

109.     ML Defendants deny the allegations set forth in paragraph 109 of the Complaint and respectfully refer the Court to the communications referenced in paragraph 109 for a true and accurate recitation of their contents.

110.     ML Defendants deny the allegations set forth in paragraph 110 of the Complaint and respectfully refer the Court to the text message referenced in paragraph 110 for a true and accurate recitation of its contents.

### 2.3.4

111.     ML Defendants deny the allegations set forth in paragraph 111 of the Complaint and respectfully refer the Court to the August 14, 2017 email referenced in paragraph 111 for a true and accurate recitation of its contents.

112.     ML Defendants deny the allegations set forth in paragraph 112 of the Complaint and respectfully refer the Court to the August 14, 2017 email referenced in paragraph 112 for a true and accurate recitation of its contents.

113.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 113 of the Complaint.

114.     ML Defendants deny the allegations set forth in paragraph 114 of the Complaint and respectfully refer the Court to the communications referenced in paragraph 114 for a true and accurate recitation of their contents.

115.     ML Defendants deny the allegations set forth in paragraph 115 of the Complaint and respectfully refer the Court to the communications referenced in paragraph 115 for a true and accurate recitation of their contents.

116.     ML Defendants deny the allegations set forth in paragraph 116 of the Complaint.

117.     ML Defendants deny the allegations set forth in paragraph 117 of the Complaint.

118.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 118 of the Complaint regarding the closure of Bowery Kitchen, Plaintiffs' debt, Plaintiffs' reputations, Plaintiffs' business relationships, and Plaintiffs' dreams.  ML Defendants deny the remaining allegations set forth in paragraph 118 of the Complaint.

119.     ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 119 of the Complaint regarding what Plaintiffs purportedly "learned."  ML Defendants deny the remaining allegations set forth in paragraph 119 of the Complaint.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION:
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

120.     ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-119 of the Complaint as if fully set forth herein.

121.     Paragraph 121 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 121 of the Complaint.

122.     Paragraph 122 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 122 of the Complaint.

123.     Paragraph 123 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 123 of the Complaint.

124.     Paragraph 124 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 124 of the Complaint.

125.     Paragraph 125 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 125 of the Complaint.

126.     Paragraph 126 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 126 of the Complaint.

127.     Paragraph 127 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 127 of the Complaint.

128.     Paragraph 128 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 128 of the Complaint.

129.     Paragraph 129 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 129 of the Complaint.

130.     Paragraph 130 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 130 of the Complaint.

131.     Paragraph 131 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML

Defendants deny the allegations set forth in paragraph 131 of the Complaint.

132. Paragraph 132 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 132 of the Complaint.

133. Paragraph 133 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 133 of the Complaint.

**SECOND CAUSE OF ACTION:**
**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

134. ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-133 of the Complaint as if fully set forth herein.

135. Paragraph 135 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 135 of the Complaint.

136. Paragraph 136 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 136 of the Complaint.

137. Paragraph 137 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 137 of the Complaint.

138. Paragraph 138 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 138 of the Complaint.

139. Paragraph 139 of the Complaint sets forth legal claims and arguments, for which

no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 139 of the Complaint.

140. Paragraph 140 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 140 of the Complaint.

141. Paragraph 141 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 141 of the Complaint.

## THIRD CAUSE OF ACTION: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

142. ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-141 of the Complaint as if fully set forth herein.

143. Paragraph 143 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 143 of the Complaint.

144. Paragraph 144 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 144 of the Complaint.

145. Paragraph 145 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 145 of the Complaint.

146. Paragraph 146 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 146 of the Complaint.

147.     Paragraph 147 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 147 of the Complaint.

148.     Paragraph 148 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 148 of the Complaint.

149.     Paragraph 149 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 149 of the Complaint.

150.     Paragraph 150 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 150 of the Complaint.

151.     Paragraph 151 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 151 of the Complaint.

152.     Paragraph 152 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 152 of the Complaint.

153.     Paragraph 153 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 153 of the Complaint.

## FOURTH CAUSE OF ACTION: CONTRIBUTORY FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

154.     ML Defendants repeat and reallege each and every one of their responses to

paragraphs 1-153 of the Complaint as if fully set forth herein.

155.     Paragraph 155 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 155 of the Complaint.

156.     Paragraph 156 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 156 of the Complaint.

157.     Paragraph 157 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 157 of the Complaint.

158.     Paragraph 158 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 158 of the Complaint.

159.     Paragraph 159 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 159 of the Complaint.

160.     Paragraph 160 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 160 of the Complaint.

161.     Paragraph 161 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 161 of the Complaint.

162.     Paragraph 162 of the Complaint sets forth legal claims and arguments, for which

no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 162 of the Complaint.

163. Paragraph 163 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 163 of the Complaint.

164. Paragraph 164 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 164 of the Complaint.

165. Paragraph 165 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 165 of the Complaint.

166. Paragraph 166 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 166 of the Complaint.

167. Paragraph 167 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 167 of the Complaint.

168. Paragraph 168 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 168 of the Complaint.

## FIFTH CAUSE OF ACTION: CONTRIBUTORY FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION

169. ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-169 of the Complaint as if fully set forth herein.

170. Paragraph 170 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 170 of the Complaint.

171. Paragraph 171 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 171 of the Complaint.

172. Paragraph 172 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 172 of the Complaint.

173. Paragraph 173 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 173 of the Complaint.

174. Paragraph 174 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 174 of the Complaint.

175. Paragraph 175 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 175 of the Complaint.

176. Paragraph 176 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 176 of the Complaint.

177. Paragraph 177 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML

Defendants deny the allegations set forth in paragraph 177 of the Complaint.

178.    Paragraph 178 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 178 of the Complaint.

179.    Paragraph 179 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 179 of the Complaint.

180.    Paragraph 180 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 180 of the Complaint.

## SIXTH CAUSE OF ACTION: CONTRIBUTORY TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER COMMON LAW

181.    ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-180 of the Complaint as if fully set forth herein.

182.    Paragraph 182 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 182 of the Complaint.

183.    Paragraph 183 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 183 of the Complaint.

184.    Paragraph 184 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 184 of the Complaint.

185.    Paragraph 185 of the Complaint sets forth legal claims and arguments, for which

no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 185 of the Complaint.

186.     Paragraph 186 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 186 of the Complaint.

187.     Paragraph 187 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 187 of the Complaint.

188.     Paragraph 188 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 188 of the Complaint.

189.     Paragraph 189 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 189 of the Complaint.

190.     Paragraph 190 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 190 of the Complaint.

191.     Paragraph 191 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 191 of the Complaint.

192.     Paragraph 192 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 192 of the Complaint.

193. Paragraph 193 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 193 of the Complaint.

194. Paragraph 194 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 194 of the Complaint.

## SEVENTH CAUSE OF ACTION: DECEPTIVE PRACTICES UNDER SECTION 349 OF NEW YORK'S GENERAL BUSINESS LAW

195. ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-194 of the Complaint as if fully set forth herein.

196. Paragraph 196 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 196 of the Complaint and respectfully refer the Court to New York General Business Law § 349 for a complete and accurate recitation of its contents.

197. Paragraph 197 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 197 of the Complaint and respectfully refer the Court to New York General Business Law § 349 for a complete and accurate recitation of its contents.

198. Paragraph 198 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 198 of the Complaint and respectfully refer the Court to New York General Business Law § 349 for a complete and accurate recitation

of its contents.

199.    Paragraph 199 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.    Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 199 of the Complaint.

200.    Paragraph 200 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.    Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 200 of the Complaint.

201.    Paragraph 201 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.    Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 201 of the Complaint.

202.    Paragraph 202 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.    Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 202 of the Complaint.

203.    Paragraph 203 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.    Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 203 of the Complaint.

## EIGHTH CAUSE OF ACTION: FRAUD

204.    ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-203 of the Complaint as if fully set forth herein.

205.    ML Defendants state that no response to the allegations set forth in paragraph 205 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.    Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 205 of the Complaint.

206.     ML Defendants state that no response to the allegations set forth in paragraph 206 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 206 of the Complaint.

207.     ML Defendants state that no response to the allegations set forth in paragraph 207 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 207 of the Complaint.

208.     ML Defendants state that no response to the allegations set forth in paragraph 208 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 208 of the Complaint.

209.     ML Defendants state that no response to the allegations set forth in paragraph 209 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 209 of the Complaint.

210.     ML Defendants state that no response to the allegations set forth in paragraph 210 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 210 of the Complaint.

211.     ML Defendants state that no response to the allegations set forth in paragraph 211 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required,

ML Defendants deny the allegations set forth in paragraph 211 of the Complaint.

212.    ML Defendants state that no response to the allegations set forth in paragraph 212 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 212 of the Complaint.

213.    ML Defendants state that no response to the allegations set forth in paragraph 213 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 213 of the Complaint.

214.    ML Defendants state that no response to the allegations set forth in paragraph 214 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 214 of the Complaint.

## NINTH CAUSE OF ACTION: FRAUDULENT INDUCEMENT

215.    ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-214 of the Complaint as if fully set forth herein.

216.    ML Defendants state that no response to the allegations set forth in paragraph 216 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 216 of the Complaint.

217.    ML Defendants state that no response to the allegations set forth in paragraph 217 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required,

ML Defendants deny the allegations set forth in paragraph 217 of the Complaint.

218. ML Defendants state that no response to the allegations set forth in paragraph 218 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 218 of the Complaint.

219. ML Defendants state that no response to the allegations set forth in paragraph 219 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 219 of the Complaint.

220. ML Defendants state that no response to the allegations set forth in paragraph 220 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 220 of the Complaint.

221. ML Defendants state that no response to the allegations set forth in paragraph 221 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 221 of the Complaint.

222. ML Defendants state that no response to the allegations set forth in paragraph 222 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 222 of the Complaint.

223. ML Defendants state that no response to the allegations set forth in paragraph 223 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related,

tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 223 of the Complaint.

224. ML Defendants state that no response to the allegations set forth in paragraph 224 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 224 of the Complaint.

## TENTH CAUSE OF ACTION: FRAUDULENT CONCEALMENT

225. ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-224 of the Complaint as if fully set forth herein.

226. ML Defendants state that no response to the allegations set forth in paragraph 226 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 226 of the Complaint.

227. ML Defendants state that no response to the allegations set forth in paragraph 227 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 227 of the Complaint.

228. ML Defendants state that no response to the allegations set forth in paragraph 228 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 228 of the Complaint.

229. ML Defendants state that no response to the allegations set forth in paragraph 229 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related,

tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 229 of the Complaint.

230. ML Defendants state that no response to the allegations set forth in paragraph 230 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 230 of the Complaint.

231. ML Defendants state that no response to the allegations set forth in paragraph 231 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 231 of the Complaint.

232. ML Defendants state that no response to the allegations set forth in paragraph 232 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 232 of the Complaint.

233. ML Defendants state that no response to the allegations set forth in paragraph 233 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 233 of the Complaint.

## ELEVENTH CAUSE OF ACTION: FRAUDULENT MISREPRESENTATION

234. ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-233 of the Complaint as if fully set forth herein.

235. ML Defendants state that no response to the allegations set forth in paragraph 235 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related,

tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 235 of the Complaint.

236.    ML Defendants state that no response to the allegations set forth in paragraph 236 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 236 of the Complaint.

237.    ML Defendants state that no response to the allegations set forth in paragraph 237 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 237 of the Complaint.

238.    ML Defendants state that no response to the allegations set forth in paragraph 238 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 238 of the Complaint.

239.    ML Defendants state that no response to the allegations set forth in paragraph 239 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 239 of the Complaint.

240.    ML Defendants state that no response to the allegations set forth in paragraph 240 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 240 of the Complaint.

241.    ML Defendants state that no response to the allegations set forth in paragraph 241

of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 241 of the Complaint.

242. ML Defendants state that no response to the allegations set forth in paragraph 242 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 242 of the Complaint.

243. ML Defendants state that no response to the allegations set forth in paragraph 243 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 243 of the Complaint.

## TWELFTH CAUSE OF ACTION: PROMISSORY FRAUD

244. ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-243 of the Complaint as if fully set forth herein.

245. ML Defendants state that no response to the allegations set forth in paragraph 245 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 245 of the Complaint.

246. ML Defendants state that no response to the allegations set forth in paragraph 246 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 246 of the Complaint.

247. ML Defendants state that no response to the allegations set forth in paragraph 247

of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 247 of the Complaint.

248. ML Defendants state that no response to the allegations set forth in paragraph 248 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 248 of the Complaint.

249. ML Defendants state that no response to the allegations set forth in paragraph 249 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 249 of the Complaint.

250. ML Defendants state that no response to the allegations set forth in paragraph 250 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 250 of the Complaint.

251. ML Defendants state that no response to the allegations set forth in paragraph 251 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 251 of the Complaint.

252. ML Defendants state that no response to the allegations set forth in paragraph 252 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 252 of the Complaint.

253.     ML Defendants state that no response to the allegations set forth in paragraph 253 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 253 of the Complaint.

## THIRTEENTH CAUSE OF ACTION:
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

254.     ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-253 of the Complaint as if fully set forth herein.

255.     ML Defendants state that no response to the allegations set forth in paragraph 255 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 255 of the Complaint.

256.     ML Defendants state that no response to the allegations set forth in paragraph 256 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 256 of the Complaint.

257.     ML Defendants state that no response to the allegations set forth in paragraph 257 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 257 of the Complaint.

258.     ML Defendants state that no response to the allegations set forth in paragraph 258 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required,

ML Defendants deny the allegations set forth in paragraph 258 of the Complaint.

259.     ML Defendants state that no response to the allegations set forth in paragraph 259 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 259 of the Complaint.

260.     ML Defendants state that no response to the allegations set forth in paragraph 260 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 260 of the Complaint.

261.     ML Defendants state that no response to the allegations set forth in paragraph 261 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 261 of the Complaint.

## FOURTEENTH CAUSE OF ACTION: UNJUST ENRICHMENT

262.     ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-261 of the Complaint as if fully set forth herein.

263.     Paragraph 263 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants admit that Plaintiffs have asserted an unjust enrichment claim, but deny the remaining allegations set forth in paragraph 263 of the Complaint.

264.     Paragraph 264 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 264 of the Complaint.

265.    Paragraph 265 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 265 of the Complaint.

266.    Paragraph 266 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 266 of the Complaint.

267.    Paragraph 267 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants admit that Plaintiffs have asserted an unjust enrichment claim, but deny the remaining allegations set forth in paragraph 267 of the Complaint.

268.    Paragraph 268 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 268 of the Complaint.

269.    Paragraph 269 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 269 of the Complaint.

**FIFTEENTH CAUSE OF ACTION: RICO § 1962**

270.    ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-269 of the Complaint as if fully set forth herein.

271.    ML Defendants state that no response to the allegations set forth in paragraph 271 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants admit that Plaintiffs asserted a RICO claim, which the Court has now dismissed,

but deny the remaining allegations set forth in paragraph 271 of the Complaint.

272. ML Defendants state that no response to the allegations set forth in paragraph 272 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 272 of the Complaint and respectfully refer the Court to 18 U.S.C. §§ 1961-1962 for a true and accurate recitation of their contents.

273. ML Defendants state that no response to the allegations set forth in paragraph 273 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 273 of the Complaint.

274. ML Defendants state that no response to the allegations set forth in paragraph 274 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 274 of the Complaint.

275. ML Defendants state that no response to the allegations set forth in paragraph 275 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 275 of the Complaint.

**The Lemonis Enterprise**

276. ML Defendants state that no response to the allegations set forth in paragraph 276 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 276 of the Complaint and respectfully

refer the Court to 18 U.S.C. § 1964 for a true and accurate recitation of its contents.

277.    ML Defendants state that no response to the allegations set forth in paragraph 277 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 277 of the Complaint.

278.    ML Defendants state that no response to the allegations set forth in paragraph 278 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 278 of the Complaint.

279.    ML Defendants state that no response to the allegations set forth in paragraph 279 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 279 of the Complaint.

280.    ML Defendants state that no response to the allegations set forth in paragraph 280 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 280 of the Complaint and respectfully refer the Court to 18 U.S.C. § 1962 for a true and accurate recitation of its contents.

281.    ML Defendants state that no response to the allegations set forth in paragraph 281 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 281 of the Complaint.

**Predicate Acts**
**(Mail and Wire Fraud and Trafficking Goods Bearing Counterfeit Marks)**

282.     ML Defendants state that no response to the allegations set forth in paragraph 282 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 282 of the Complaint and respectfully refer the Court to 18 U.S.C. §§ 1341, 1343, 1961, and 2320 for a true and accurate recitation of their contents.

283.     ML Defendants state that no response to the allegations set forth in paragraph 283 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 283 of the Complaint and respectfully refer the Court to 18 U.S.C. §§ 1341 and 1343 for a true and accurate recitation of their contents.

284.     ML Defendants state that no response to the allegations set forth in paragraph 284 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 284 of the Complaint and respectfully refer the Court to 18 U.S.C. § 2320 for a true and accurate recitation of its contents.

285.     ML Defendants state that no response to the allegations set forth in paragraph 285 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 285 of the Complaint.

286.     ML Defendants state that no response to the allegations set forth in paragraph 286 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related,

tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 286 of the Complaint.

287. ML Defendants state that no response to the allegations set forth in paragraph 287 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 287 of the Complaint.

**Pattern of Racketeering Activity**

288. ML Defendants state that no response to the allegations set forth in paragraph 288 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 288 of the Complaint and respectfully refer the Court to 18 U.S.C. § 1961 for a true and accurate recitation of its contents.

289. ML Defendants state that no response to the allegations set forth in paragraph 289 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 289 of the Complaint.

290. ML Defendants state that no response to the allegations set forth in paragraph 290 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 290 of the Complaint.

291. ML Defendants state that no response to the allegations set forth in paragraph 291 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required,

ML Defendants deny the allegations set forth in paragraph 291 of the Complaint

292. ML Defendants state that no response to the allegations set forth in paragraph 292 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 292 of the Complaint

293. ML Defendants state that no response to the allegations set forth in paragraph 293 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 293 of the Complaint

294. ML Defendants state that no response to the allegations set forth in paragraph 294 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 294 of the Complaint

295. ML Defendants state that no response to the allegations set forth in paragraph 295 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 295 of the Complaint and respectfully refer the Court to 18 U.S.C. § 1961 for a true and accurate recitation of its contents.

**Injury to Plaintiffs**

296. ML Defendants state that no response to the allegations set forth in paragraph 296 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 296 of the Complaint and respectfully

refer the Court to 18 U.S.C. § 1962 for a true and accurate recitation of its contents.

297.     ML Defendants state that no response to the allegations set forth in paragraph 297 of the Complaint is required in light of the Court's Order dismissing Plaintiffs' fraud-related, tortious interference, and civil RICO claims.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 297 of the Complaint and respectfully refer the Court to 18 U.S.C. § 1964 for a true and accurate recitation of its contents.

**SIXTEENTH CAUSE OF ACTION: DECLARATORY JUDGMENT**

298.     ML Defendants repeat and reallege each and every one of their responses to paragraphs 1-297 of the Complaint as if fully set forth herein.

299.     Paragraph 299 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 299 of the Complaint and respectfully refer the Court to 28 U.S.C. §§ 2201-2202 for a true and accurate recitation of their contents.

300.     Paragraph 300 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 300 of the Complaint.

301.     Paragraph 301 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 301 of the Complaint.

302.     Paragraph 302 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required.  Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 302 of the Complaint.

303.     Paragraph 303 of the Complaint sets forth legal claims and arguments, for which

no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 303 of the Complaint.

304. Paragraph 304 of the Complaint sets forth legal claims and arguments, for which no admission or denial is required. Nevertheless, to the extent a response is required, ML Defendants deny the allegations set forth in paragraph 304 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

By asserting the defenses set forth below, ML Defendants do not allege or admit that they have the burden of proof or the burden of persuasion with respect to any of these matters or that Plaintiffs are relieved of their burden to prove each and every element of their claims and the damages, if any, to which they are entitled.

### FIRST SEPARATE DEFENSE
### (Failure to State a Claim)

305. Neither the Complaint nor any purported cause of action therein alleged state facts sufficient to constitute claims upon which relief may be granted against ML Defendants.

### SECOND SEPARATE DEFENSE
### (Unclean Hands)

306. The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD SEPARATE DEFENSE
### (Failure to Mitigate)

307. Plaintiffs' claims for damages are barred, in whole or in part, as a result of Plaintiffs' failure to mitigate.

### FOURTH SEPARATE DEFENSE
### (Waiver)

308. The Complaint and each purported cause of action alleged therein are barred, in

whole or in part, by the doctrine of waiver.

## FIFTH SEPARATE DEFENSE
### (Equitable Estoppel)

309.    The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of equitable estoppel.

## SIXTH SEPARATE DEFENSE
### (Laches)

310.    The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of laches.

## SEVENTH SEPARATE DEFENSE
### (No Damages)

311.    The Complaint and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiffs sustained no cognizable damages attributable to ML Defendants.

## EIGHTH SEPARATE DEFENSE
### (Acts of Others)

312.    The Complaint and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiffs' damages, if any, were sustained as a result of Plaintiffs' own acts or omissions or as a result of the acts or omissions of third parties outside of ML Defendants' control.

## NINTH AFFIRMATIVE DEFENSE
### (Acquiescence)

313.    The Complaint and each purported case of action alleged therein are barred, in whole or in part, because Plaintiffs actively represented that they would not assert a claim relating to use of their alleged trademark, the delay between that representation in 2016 and their assertion of their claim in 2020 was not excusable, and the delay has caused ML Defendants

undue prejudice.

## TENTH AFFIRMATIVE DEFENSE

### (License)

314.     ML Defendants have not infringed any valid trademark rights owned by Plaintiffs. Alternatively, the facts of the Complaint establish that any alleged use of Plaintiff's claimed mark was made pursuant to license.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Trademark Abandonment)

315.     In the alternative, and only to the extent the Court finds that ML Defendants infringed upon a valid trademark owned by Plaintiffs in or after March 2020, the Complaint and each purported case of action alleged therein, to the extent they are based upon alleged infringement in or after March 2020, are barred, in whole or in part, because, upon information and belief, Plaintiffs abandoned their alleged trademark in or about March 2020 in that they stopped using their alleged trademark to sell goods in interstate commerce when their business closed and have no intention of resuming the use of their alleged trademark to sell goods in interstate commerce in the foreseeable future because their business is closed.

## ADDITIONAL DEFENSES

316.     ML Defendants presently have insufficient knowledge or information upon which to form a belief about whether there may be additional, as yet unstated, defenses and reserve the right to assert additional defenses in the event that discovery indicates that any such defenses are appropriate.

## COUNTERCLAIMS

1.     These are counterclaims for defamation and trade libel.  Counterclaim-Plaintiff Marcus Lemonis ("Lemonis") is a successful investor and host of the hit show *The Profit* on

CNBC.  Counterclaim-Plaintiff Marcus Lemonis, LLC is a company that, among other things, provides financial capital and management services to struggling businesses (Lemonis and Marcus Lemonis, LLC, collectively, "ML Counterclaim-Plaintiffs").  Counterclaim-Defendant Howard Nourieli ("Nourieli") is an individual and owner of Counterclaim-Defendant Bowery Kitchen Supplies, Inc. ("Bowery Kitchen") (Nourieli and Bowery Kitchen, collectively, "Counterclaim-Defendants").  Bowery Kitchen was a brick-and-mortar kitchen supply business.

2.      As set forth in greater detail below, Counterclaim-Defendants have engaged in an ongoing campaign of defamation, making libelous statements about ML Counterclaim-Plaintiffs that Counterclaim-Defendants knew were false in an effort to discredit and harm ML Counterclaim-Plaintiffs' personal and business reputations.  Counterclaim-Defendants have done so through use of social media, including Twitter, to publicly disseminate such defamatory and libelous statements not only to their 700-plus social media followers but, more importantly, through mainstream media pickup to the world at large.  In furtherance of this disinformation campaign, Counterclaim-Defendants have also initiated baseless litigation accusing Lemonis and several Lemonis entities of, among other things, fraud.

3.      Counterclaim-Defendants appeared on *The Profit* – a reality television show specifically based around the concept of helping *struggling* businesses – in late 2016.  Nearly four years after appearing on the show, Counterclaim-Defendants' closed their New York City retail store.  Despite this gap between ML Counterclaim-Plaintiffs' appearance on the show and Counterclaim-Defendants' closing of their business, and despite benefiting from *The Profit* and Lemonis' renovations to Counterclaim-Defendants' store, Counterclaim-Defendants now blame Lemonis for their own inability to keep their store open.

4. Only after closing their New York store did Counterclaim-Defendants' for the first time publicly post defamatory and libelous statements in an effort to harm and discredit ML Counterclaim-Plaintiffs' trade, occupation, and business due to Counterclaim-Defendants' resentment of ML Counterclaim-Plaintiffs' success relative to Counterclaim-Defendants' failure to successfully operate a business. Unable to accept their own business failures, Counterclaim-Defendants made statements intentionally to harm ML Counterclaim-Plaintiffs despite knowing that the statements were false. Counterclaim-Defendants' efforts continue to this day, which have caused both financial and emotional damage to Lemonis, his businesses (including Marcus Lemonis, LLC), and his family.

## THE PARTIES

5. Counterclaim-Plaintiff Marcus Lemonis is an individual residing in Illinois. Lemonis is an investor and the host of The Profit.

6. Counterclaim-Plaintiff Marcus Lemonis, LLC is a limited liability company organized and existing under the laws of Delaware and has a principal place of business in Illinois. As Counterclaim-Defendants allege in their own Amended Complaint against ML Counterclaim-Plaintiffs, the sole member of Marcus Lemonis, LLC is an Illinois citizen.

7. Counterclaim-Defendant Howard Nourieli is a resident of New York, New York. Nourieli is the co-founder, CEO, and 50% owner of Bowery Kitchen.

8. Counterclaim-Defendant Bowery Kitchen Supplies, Inc. is a domestic corporation organized and existing under the laws of the State of New York. Bowery Kitchen is an active entity registered to do business in the state of New York.

## JURISDICTION AND VENUE

9. This Court has pendent supplemental jurisdiction over Counterclaim-Defendants and ML Counterclaim-Plaintiffs' counterclaims under 28 U.S.C. § 1367 because these

counterclaims involve the same parties, and are related to, the action brought by Counterclaim-Defendants in this Court.

10. This Court has jurisdiction over Counterclaim-Defendants under 28 U.S.C. § 1332 because all ML Counterclaim-Plaintiffs are residents of different states than Counterclaim-Defendants, as Counterclaim-Defendants have pled in their own Amended Complaint against ML Counterclaim-Plaintiffs, and the amount in controversy exceeds $75,000.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because both Counterclaim-Defendants reside in this District and a substantial part of the events or omissions giving rise to ML Counterclaim-Plaintiffs' claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS

### A. **Background**

12. Counterclaim-Defendant Nourieli is the co-founder and CEO of Defendant Bowery Kitchen.

13. Bowery Kitchen opened up a brick-and-mortar store around 1990 and in 1996 moved its only location to Chelsea Market in downtown Manhattan.

14. Nourieli has extensive business experience through, *inter alia*, running a New York business for over 20 years.

15. Bowery Kitchen is the purported owner of a registered trademark with a logo and the text "Bowery Kitchen Supplies Where the Chefs Shop," United States Patent & Trademark Office ("USPTO") Registration No. 5,328,495 (the "Bowery Kitchen Mark").

16. On or about March, 9, 2016, Counterclaim-Defendants submitted an application to be featured on *The Profit*. On or about May 3, 2016 Defendants were informed that their application was approved to be one of the businesses for the 2016 season.

17. *The Profit* is a reality television show, hosted by Lemonis. On the show, Lemonis assists struggling businesses by offering them a lifeline in the form of cash for a piece of the business and a percentage of the profits.

18. Bowery Kitchen was one such company. As Nourieli himself explained when he appeared on *The Profit*, Bowery Kitchen was a "struggling business."[1]

19. Nourieli also stated on *The Profit* that his business had lost $121,000 during the prior year, *i.e.*, 2015, and that the business owed nearly $130,000 in debts that were past due.

**B.** **The Parties Enter Into An Agreement To Save Bowery Kitchen.**

20. ML Counterclaim-Plaintiffs invested substantial time and money to assist Counterclaim-Defendants in saving Bowery Kitchen.

21. Lemonis, through Marcus Lemonis, LLC, originally agreed to invest $350,000 into Plaintiffs' business in exchange for a 33.3% ownership share in Bowery Kitchen.

22. Lemonis, through Marcus Lemonis, LLC, invested more than $350,000, and ultimately spent at least $400,000 on renovations and inventory upgrades in Bowery Kitchen's store in the Chelsea Market in Manhattan, as recounted on *The Profit*.

23. Lemonis also spearheaded a liquidation sale of unsold, aging inventory in Defendants' store, which, as shown on *The Profit*, yielded $385,000.

24. Marcus Lemonis, LLC's VP and CFO also provided assistance to Counterclaim-Defendants with preparing corporate documents and agreements.

**C.** **Bowery Kitchen Employees "Loved" Lemonis' Renovations.**

25. As shown on "The Profit," Robyn Coval (Bowery Kitchen co-owner, "Coval") and Counterclaim-Defendants' employees loved Lemonis' renovations: Coval said "I love it" when she saw the revamped store, and general manager Lori said "It's definitely really nice."

---

[1] *Available at* http://www.youtube.com/watch?v=az7eBITcdnc.

26.     Nourieli was also pleased with the renovations, taking to the Bowery Kitchhen Twitter account to promote the brand-new store and Counterclaim-Defendants' appearance on *The Profit*.  "BOWERY KITCHEN GRAND REOPENING," Counterclaim-Defendants declared on August 24, 2016 in all caps, "EVERYTHING CLEAN AND SHINY."[2]

27.     Two days later, Nourieli posted on the Bowery Kitchen Twitter account, "Grand Re-opening TODAY To Be Seen on 'The Profit' CNBC.'"[3]

28.     Nourieli posted multiple tweets on the Bowery Kitchen Twitter account promoting the episode of *The Profit*.[4]

29.     On information and belief, Nourieli is currently and has always been in control of the Bowery Kitchen Twitter account ("Bowery Kitchen Twitter Account") and was the author of all of libelous and defamatory statements set forth below.[5]

**D.     Bowery Kitchen Fails Under Nourieli.**

30.     Nearly four years after filming their episode of *The Profit*, in or about March 2020, Counterclaim-Defendants' closed their store in Chelsea Market.

31.     In a public statement on Bowery Kitchen's Facebook page posted March 4, 2020, Counterclaim-Defendants explained that "[t]he retail landscape has change[d] so dramatically in the past few years, we just cannot move forward as a traditional 'brick and mortar' in NYC."

32.     During that period of time, Nourieli was an often-absent business owner.

33.     When Nourieli was present, his actions could actively harm the business: in fact, Coval and Bowery Kitchen's general manager, Lori, felt compelled to hide business income from Nourieli in order to keep him from misusing the funds.

---

[2] https://twitter.com/bowerykitchen/status/768566662354219009.
[3] https://twitter.com/bowerykitchen/status/769258071671570432.
[4] https://twitter.com/bowerykitchen/status/788481538195349504;
https://twitter.com/TheProfitCNBC/status/788579194934480896;
https://twitter.com/bowerykitchen/status/788936145207980032.
[5] https://twitter.com/bowerykitchen.

34.     Despite ML Counterclaim-Plaintiffs' infusion of cash and assistance, Nourieli closed Bowery Kitchen's New York location in or about March 2020.

**E.     Counterclaim-Defendants Make Defamatory Public Statements.**

35.     Despite multiple prior statements expressing happiness with Lemonis and gratitude for his assistance, following the closure of Bowery Kitchen's New York location, on or about July 3, 2020, Counterclaim-Defendants began a public smear campaign against Lemonis, intending to harm both Lemonis personally and those entities with which he is associated, including Counterclaim-Plaintiff Marcus Lemonis, LLC.

36.     Counterclaim-Defendants' goal was to harm Lemonis' personal image and ML Counterclaim-Plaintiffs' business reputation.

37.     Counterclaim-Defendants published on the Bowery Kitchen Twitter Account false statements to hundreds of third parties, designed to be spread and disseminated to the world at large.

38.     A copy of Counterclaim-Defendants' Twitter feed showing their false, malicious statements is attached hereto as Exhibit A and all of those statements are incorporated by reference herein.

39.     On July 3, 2020, Counterclaim-Defendants tweeted "[m]aybe you should heed your own words Because you are a the biggest a-hole and shyster I ever met!  You lie and cheat people in trouble and then rob them of anything they have that's worth anything like my logo and name your camping world company is using with out permission."[6]

40.     Counterclaim-Defendants' statements were statements of fact, including because the statements that ML Counterclaim-Plaintiffs "lie," "cheat people," "rob them of anything they

---

[6] All tweets quoted herein are quoted with their original spelling, capitalization, and punctuation.  Because the spelling, grammatical, and capitalization errors in these tweets are so extensive, Lemonis-Counterclaim Plaintiffs have not used "sic" after each error.

have that's worth anything," and the assertion that ML Counterclaim-Plaintiffs were using Counterclaim-Defendants' "logo and name . . . with out permission" can be proven or disproven.

41.     Counterclaim-Defendants knew that these statements were false or made them with a reckless disregard of the truth, including because Counterclaim Defendants knew that ML Counterclaim-Plaintiffs do not "lie," "cheat" or "rob" people based upon their interactions with ML Counterclaim-Plaintiffs—whom Counterclaim-Defendants and their employees had repeatedly praised in the past.

42.     Counterclaim-Defendants also knew that their statements were false or made the statements with a reckless disregard of the truth because they knew ML Counterclaim-Plaintiffs were not using Counterclaim-Defendants' "logo and name" without permission, including because, to the extent the ML Counterclaim-Plaintiffs used or authorized others to use the logo and name at all, Counterclaim-Defendants had expressly authorized ML Counterclaim-Plaintiffs to do so and because at the time this tweet was made, upon information and belief, Counterclaim-Defendants had abandoned their trademarks because they were not using them to offer goods for sale in interstate commerce and had no intention of doing so in the foreseeable future because their business was permanently closed.

43.     On July 3, 2020, Counterclaim-Defendants tweeted "Here we go is right Marcus is a huge a hole and will use you for ratings then steal your company - read the INC magazine article on him - says it all."

44.     Counterclaim-Defendants' statement was a statement of fact because their claim that ML Counterclaim-Plaintiffs' "will use your for ratings then steal your company" can be proven or disproven.

45. Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because Counterclaim-Defendants knew based upon their own experience with ML Counterclaim-Plaintiffs and their interactions with other participants on "The Profit" that ML Counterclaim-Plaintiffs do not "steal" companies.

46. Also on July 3, 2020, Counterclaim-Defendants tweeted that they were "inspired" to start their campaign of false claims against ML Counterclaim-Plaintiffs not because of a lawsuit filed by others, but because of a Twitter user named "Here we go," whose account has since been suspended by Twitter for violating Twitter's rules due to, upon information and belief, inappropriate tweets that included tweets stating that President Joseph Biden and House Speaker Nancy Pelosi should be executed because they are "traitors" to the United States.

47. On July 3, 2020, Counterclaim-Defendants further tweeted "[m]ake it 21 - not only strip you bare but humiliate you - because thats what happened to him when he was younger."

48. Counterclaim-Defendants' statement was a statement of fact because, based upon the context that included tweets by others to which Counterclaim-Defendants were replying, Counterclaim-Defendants asserted that ML Counterclaim-Plaintiffs had "stripped bare" and "humiliated" business owners, and suggested that he done so to a specific number of business owners, "21," all of which can be proven or disproven, as can the portion of the statement regarding "what happened to [Lemonis] when he was younger."

49. Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because Counterclaim-Defendants knew based upon their own experience with ML Counterclaim-Plaintiffs and their interactions

with other participants on "The Profit" that ML Counterclaim-Plaintiffs did not "strip bare" or "humiliate" any business owners, let alone 21 such business owners, and also knew, upon information and belief, of the widespread reporting about Lemonis' molestation by a family member, including in the "INC magazine" publication referenced in Counterclaim-Defendants' other tweets, and intentionally distorted that information in an attempt to portray Lemonis in a negative light.

50.     On July 5, 2020, Counterclaim-Defendants tweeted that Lemonis "is gifting the rv that are lemons and he can't sell them he gets the people to pay for repairs and on top of that the poor soul who gets the rv has to pay the taxes oh don't forget the right off."

51.     Counterclaim-Defendants' statement was a statement of fact because the claims that certain recreational vehicles ("RVs") were "lemons" that Lemonis could not sell, that Lemonis got "people to pay for repairs," that the individuals who "get[] the rv ha[ve] to pay the taxes," and that Lemonis got a tax write-off for "gifting" RVs can all be proven or disproven.

52.     Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because, upon information and belief, Counterclaim-Defendants knew based upon publicly-available information that Lemonis and Lemonis-affiliated companies do not sell or donate RVs that do not work, nor do they do so as part of scheme to force the recipients to pay for repairs and impose a tax burden on them while ML Counterclaim-Plaintiffs take advantage of a tax write-off for the donation.

53.     On July 5, 2020, Counterclaim-Defendants further tweeted "[w]hat a fraud," which, taken in context, was a reference to Lemonis.

54.     Counterclaim-Defendants' statement was a statement of fact because Counterclaim-Defendants' claim, taken in context with the tweets described above and further

below, confirms that Counterclaim-Defendants were suggesting that Lemonis had engaged in fraudulent conduct, which can be proven or disproven.

55. Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because Counterclaim-Defendants knew based upon their own experience with ML Counterclaim-Plaintiffs and their interactions with other participants on "The Profit," that ML Counterclaim-Plaintiffs do not engage in fraudulent conduct.

56. On July 5, 2020, Counterclaim-Defendants tweeted, in response to a tweet asking what happened to Counterclaim-Defendants' business, that "what happened is what happened to many of his victims - they where [sic] taken advantage of then discarded."

57. Counterclaim-Defendants' statement was a statement of fact because Counterclaim-Defendants' claims that ML Counterclaim-Plaintiffs have "many . . . victims" and that Counterclaim-Defendants' business failed because ML Counterclaim-Plaintiffs took "advantage" of Counterclaim-Defendants and "then discarded" them can be proven or disproven.

58. Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because Counterclaim-Defendants knew that ML Counterclaim-Plaintiffs did not have any, let alone "many," "victims" and Counterclaim-Defendants knew from their own first-hand experience that their business failed because of Nourieli's own incompetence and absenteeism, and because of the challenging environment for brick-and-mortar retailers as Counterclaim-Defendants originally stated on March 4, 2020—not because of any conduct by ML Counterclaim-Plaintiffs, let alone because ML Counterclaim-Plaintiffs took "advantage" and "then discarded" them.

59.     On July 10, 2020, Counterclaim-Defendants tweeted that Lemonis "won't have an honest convo with you he can only edit his show in his favor."

60.     Counterclaim-Defendants' statement was a statement of fact because Counterclaim-Defendants' assertions that Lemonis is dishonest in his interactions with participants on "The Profit" and that he edits "The Profit" in order to make himself appear in a more favorable light can be proven or disproven.

61.     Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because Counterclaim-Defendants knew based upon their own experience with ML Counterclaim-Plaintiffs and their interactions with other participants on "The Profit" that Lemonis was not dishonest with participants on "The Profit" and that he does not edit "The Profit" in order to make himself appear in a more favorable light.

62.     On July 14, 2020, Counterclaim-Defendants tweeted "fighting for my own justice with the so called 'profit' ! thief in the night w/a nda jeep you silent #campingworld #theprofit #infringement."

63.     Counterclaim-Defendants' statement was a statement of fact because Counterclaim-Defendants' assertions that ML Counterclaim-Plaintiffs are thieves and that ML Counterclaim-Plaintiffs were engaged in "infringement" can all be proven or disproven.

64.     Counterclaim-Defendants knew based upon their own experience with ML Counterclaim-Plaintiffs and their interactions with other participants on "The Profit" that ML Counterclaim-Plaintiffs were not thieves, and also knew that ML Counterclaim-Plaintiffs were not engaging in infringement, including because, to the extent the ML Counterclaim-Plaintiffs used or authorized others to use Counterclaim-Defendants' alleged trademarks at all,

Counterclaim-Defendants had expressly authorized ML Counterclaim-Plaintiffs to do so and because at the time this tweet was made, upon information and belief, Counterclaim-Defendants had abandoned their trademarks because they were not using them to offer goods for sale in interstate commerce and had no intention of doing so in the foreseeable future because their business was permanently closed.

65.     On July 14, 2020, Counterclaim-Defendants further tweeted, in response to a tweet by Lemonis and others encouraging consumers to purchase bagels from a business called Corey's Bagels, "I have an idea , how about just donate the money with no strings or a purchase in a company you're stealing from hard working entrepreneurs while gaslighting the public #theprofit #falseprofit #justgettingstarted."

66.     Counterclaim-Defendants' statement was a statement of fact because Counterclaim-Defendants' assertion that ML Counterclaim-Plaintiffs were stealing from Corey's Bagels can be proven or disproven.

67.     Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because, upon information and belief, Counterclaim-Defendants had no knowledge regarding, and made no attempt to investigate, their allegations regarding Corey's Bagels, but instead made a statement they knew was almost certainly false in order to damage ML Counterclaim-Plaintiffs' reputation and to allege that they had engaged in serious misconduct.

68.     On July 16, 2020, Counterclaim-Defendants tweeted "[t]hat's funny! that is what you do to people who trust you will do right by them Instead you exploit them on tv and blackmail them behind the scenes! I told you every dog has his day ;) see you in court!"

69. Counterclaim-Defendants' statement was a statement of fact because Counterclaim-Defendants' assertion that ML Counterclaim-Plaintiffs "exploit" individuals "on tv and blackmail them behind the scenes" can be proven or disproven.

70. Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because Counterclaim-Defendants knew based upon their own experience with ML Counterclaim-Plaintiffs and their interactions with other participants on "The Profit" that these assertions were not true.

71. On July 18, 2020, Counterclaim-Defendants tweeted that Lemonis "preys on the weak and televises it to the world as a savior, he should be arrested! the problem he edits the video and reneges on his personal interactions, you have no recourse #buyerbeware #marcuslemonis."

72. Counterclaim-Defendants' statement was a statement of fact because Counterclaim-Defendants' assertions that Lemonis "preys on the weak," that Lemonis had engaged in criminal behavior such that "he should be arrested," and that "he edits the video and reneges on his personal interactions" can all be proven or disproven.

73. Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because Counterclaim-Defendants knew based upon their own experience with ML Counterclaim-Plaintiffs and their interactions with other participants on "The Profit" that these assertions were not true.

74. On August 28, 2020, Counterclaim-Defendants tweeted "Marcus Lemonis, 'The Profit,' is a Scammer! . . . via @YouTube this guy not only hurts people he hurts animals ! #falseprophet," and included a link to a YouTube video accusing Lemonis of animal abuse.

75. Counterclaim-Defendants' statement was a statement of fact because Counterclaim-Defendants' assertions that Lemonis is a "Scammer," "hurts people," "hurts animals" and engages in animal abuse can be proven or disproven.

76. Counterclaim-Defendants knew based upon their own experience with ML Counterclaim-Plaintiffs and their interactions with other participants on "The Profit" that ML Counterclaim-Plaintiffs are not "scammers," and also knew that this statement was false or made the statement with a reckless disregard of the truth, including because, upon information and belief, Counterclaim-Defendants had no knowledge regarding, and made no attempt to investigate, their allegations regarding Lemonis' purported animal abuse, but instead made a statement they knew was almost certainly false in order to damage ML Counterclaim-Plaintiffs' reputation and to allege that they had engaged in serious misconduct.

77. On August 30, 2020, Counterclaim-Defendants tweeted "wow you got some nerve with this quote, while you been using my mark illegally for years at Camping World! #falseprohpet."

78. Counterclaim-Defendants' statement was a statement of fact because Counterclaim-Defendants' assertion that ML Counterclaim-Plaintiffs had "been using [Counterclaim-Defendants'] mark illegally for years at Camping World" can be proven or disproven—in fact, Counterclaim-Defendants apparently intend to attempt to prove in this action that ML Counterclaim-Plaintiffs did so, even though Counterclaim-Defendants know these allegations are false.

79. Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because, to the extent the ML Counterclaim-Plaintiffs used or authorized others to use Counterclaim-Defendants' alleged

trademarks at all, Counterclaim-Defendants had expressly authorized ML Counterclaim-Plaintiffs to do so and because at the time this tweet was made, upon information and belief, Counterclaim-Defendants had abandoned their trademarks because they were not using them to offer goods for sale in interstate commerce and had no intention of doing so in the foreseeable future because their business was permanently closed.

80. On August 30, 2020, Counterclaim-Defendants tweeted, in response to a tweet from Lemonis asking what someone should do if a partner steals from them, "[i]f it's a partner of yours then you taught him to do it!"

81. Counterclaim-Defendants' statement was a statement of fact because Counterclaim-Defendants' assertion that Lemonis steals from his partners and has taught his partners to steal can be proven or disproven.

82. Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because Counterclaim-Defendants knew based upon their own experience with ML Counterclaim-Plaintiffs and their interactions with other participants on "The Profit" that these assertions were not true.

83. On August 31, 2020, Counterclaim-Defendants tweeted "[y]es people can expose your lies and deceit before you can edit it, you all about putting your foot in your mouth."

84. Counterclaim-Defendants' statement was a statement of fact because Counterclaim-Defendants' assertion that Lemonis engages in "lies and deceit" on "The Profit" television show and that he "edits" the show in a deceptive fashion can be proven or disproven.

85. Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because Counterclaim-Defendants

knew based upon their own experience with ML Counterclaim-Plaintiffs and their interactions with other participants on "The Profit" that these assertions were not true.

86.     Counterclaim-Defendants' defamatory statements set forth in paragraphs 39 through 85 were all false statements of fact, and Counterclaim-Defendants intended that they be viewed as statements of fact, as evidenced by the fact that they purported to be presenting the "truth" about supposed misconduct by ML Counterclaim-Plaintiffs.

87.     Counterclaim-Defendants made these statements with the knowledge that each such statement was false or by reckless disregarding the truth, as set forth in greater detail in paragraphs 39 through 85.

88.     Counterclaim-Defendants made these false statements with the intention of damaging ML Counterclaim-Plaintiffs' reputation and business.

89.     Among other things, Counterclaim-Defendants frequently referred to "The Profit" or to companies such as "Camping World" in their tweets to ensure that the public would link ML Counterclaim-Plaintiffs' purported misconduct to that television show or those companies.

90.     Counterclaim-Defendants also repeatedly suggested that ML Counterclaim-Plaintiffs had been engaged in criminal activity, fraud, theft, improper charitable donations, and improper tax-related conduct, all for the purpose of damaging ML Counterclaim-Plaintiffs' reputation and business.

91.     Counterclaim-Defendants also intentionally suggested that certain goods offered for sale by companies affiliated with ML Counterclaim-Plaintiffs were faulty and had been donated as part of a scheme to force individual to pay ML Counterclaim-Plaintiffs for repairs while the ML Counterclaim-Plaintiffs obtained improper tax benefits, again for the purposes of damaging ML Counterclaim-Plaintiffs' reputation and business.

92.     Counterclaim-Defendants also frequently replied to, or "tagged," Twitter accounts with hundreds of thousands of followers, such as Lemonis' Twitter account, the Twitter account for "The Profit" TV show, or YouTube's Twitter account, ensuring that the tweets would be seen by an audience that went beyond Counterclaim-Defendants' own followers.

93.     On October 2, 2020, not content with their campaign of false statements online, Counterclaim-Defendants commenced this action by making false allegations against ML Counterclaim-Plaintiffs and others.

94.     Despite commencing this lawsuit, Counterclaim-Defendants continued their campaign of false, defamatory statements against ML Counterclaim-Plaintiffs, and did so in a manner that did not report on, and went well beyond, the allegations in Counterclaim-Defendants' complaint.

95.     On October 7, 2020, Counterclaim-Defendants tweeted "[a]ll you want is the opportunity to exploit others that are in need."

96.     Counterclaim-Defendants' statement was a statement of fact because Counterclaim-Defendants' assertion that ML Counterclaim-Plaintiffs "exploit others that are in need" can be proven or disproven.

97.     Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because Counterclaim-Defendants knew based upon their own experience with ML Counterclaim-Plaintiffs and their interactions with other participants on "The Profit" that these assertions were not true.

98.     On October 28, 2020, Counterclaim-Defendants tweeted that Lemonis created a free online learning center "[t]o steal your ideas."

99. Counterclaim-Defendants' statement was a statement of fact because Counterclaim-Defendants' assertion that Lemonis created a free online learning center for the purpose of stealing ideas from individuals that utilize the learning center can be proven or disproven.

100. Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because, upon information and belief, Counterclaim-Defendants had no knowledge regarding, and made no attempt to investigate, their allegations regarding the free online learning center, but instead made a statement they knew was almost certainly false in order to damage ML Counterclaim-Plaintiffs' reputation and to suggest that they had engaged in misconduct.

101. On November 13, 2020, Counterclaim-Defendants tweeted out a link to a website called "victimsofmarcuslemonis.com," and stated that "this new website says it all #marcuslemonis #theprofit #campingworld @ Bowery Kitchen Supplies."

102. Counterclaim-Defendants' statement was a statement of fact because their assertion that other participants on "The Profit" are "victims" can be proven or disproven.

103. Moreover, the "victimsofmarcuslemonis.com" website contains numerous false statements of fact, which Counterclaim-Defendants intentionally disseminated in their November 13, 2020 tweet, including false statements going to the quality of goods offered for sale by Lemonis or entities affiliated with him and false statements alleging that ML Counterclaim-Plaintiffs engaged in criminal or other serious misconduct, such as:

- "Camping World Horror Stories have become a popular topic of discussion among RVers in recent times";

- "They don't value customers"

- "Corporate is a complete joke and waste of time!"

- "They refused to fix it"

- "They are over priced, lie to the people, are very fraudulent, and very conniving"

- "we were lied to and taken advantage of"

- "Marcus VIP team is a joke"

- "predatory business practices"

- "The price was an additional $10,000 over what we agreed to"

- "POOREST Customer service ever from anywhere"

- "Every time we get in the trailer, something else is broken"

- "conned me out of thousands of dollars"

- "Leaks first time we used it"

104.     Counterclaim-Defendants knew that their statement in their tweet, and the statements on the website that they intentionally disseminated to the public, were false or they disseminated these statements with a reckless disregard of the truth, including because, upon information and belief, Counterclaim-Defendants had no knowledge regarding, and made no attempt to investigate, their allegations and the allegations regarding RVs on the website that Counterclaim-Defendants intentionally disseminated, but instead made or disseminated statements they knew were almost certainly false in order to damage ML Counterclaim-Plaintiffs' reputation, suggest that they had engaged in misconduct, and suggest that they or affiliated entities were selling goods of poor quality.

105.     On November 29, 2020, Counterclaim-Defendants tweeted "[m]ore like lie and devuelve," presumably meaning to type "deceive," and "[y]ea more like I take advantage of small biz in need," referring to Lemonis.

106. Counterclaim-Defendants' statements were statements of fact because Counterclaim-Defendants' assertions that Lemonis lies to, deceives, and takes advantage of small business appearing on "The Profit" can be proven or disproven.

107. Counterclaim-Defendants knew that this statement was false or made the statement with a reckless disregard of the truth, including because Counterclaim-Defendants knew based upon their own experience with ML Counterclaim-Plaintiffs and their interactions with other participants on "The Profit" that these assertions were not true.

108. Throughout this period, Counterclaim-Defendants engaged in personal attacks upon ML Counterclaim-Plaintiffs, including calling Lemonis a "shyster," "a-hole," a "power hungry narcissistic prick," a "pri&@," and a "scammer," context that confirms that Counterclaim-Defendants intended by their conduct to damage ML Counterclaim-Plaintiffs and were acting in a malicious manner.

109. Counterclaim-Defendants' defamatory statements set forth in paragraphs 95 through 108 were false statements of fact, and Counterclaim-Defendants intended that they be viewed as statements of fact, as evidenced by the fact that they purported to be presenting the "truth" about supposed misconduct by ML Counterclaim-Plaintiffs.

110. Counterclaim-Defendants made these statements with the knowledge that each such statement was false, as set forth in greater detail in paragraphs 95 through 108.

111. Counterclaim-Defendants made these false statements with the intention of damaging ML Counterclaim-Plaintiffs' reputation and business.

112. Among other things, Counterclaim-Defendants frequently referred to "The Profit" or to companies such as "Camping World" in their tweets to ensure that the public would link ML Counterclaim-Plaintiffs' purported misconduct to that television show or those companies.

113.     Counterclaim-Defendants also repeatedly suggested that ML Counterclaim-Plaintiffs had been engaged in fraud, theft, or deceitful conduct all for the purpose of damaging ML Counterclaim-Plaintiffs' reputation and business.

114.     Counterclaim-Defendants also intentionally suggested that certain goods offered for sale by companies affiliated with ML Counterclaim-Plaintiffs were faulty, again for the purposes of damaging ML Counterclaim-Plaintiffs' reputation and business.

115.     Counterclaim-Defendants also frequently replied to, or "tagged," Twitter accounts with tens of thousands or hundreds of thousands of followers, such as Lemonis' Twitter account, the Twitter account for "The Profit" TV show, or Camping World's Twitter account, ensuring that the tweets would be seen by an audience that went beyond Counterclaim-Defendants' own followers.

116.     Counterclaim-Defendants' statements were not only offensive and menacing, but also knowingly false and malicious and intended to cause harm to ML Counterclaim-Plaintiffs' integrity and competence, and also to imply criminal activity.

117.     Counterclaim-Defendants' statements have caused harm to Lemonis personally and also to Marcus Lemonis, LLC as the entity named after Lemonis and by which Lemonis made his investments in Counterclaim-Defendants, as well as to Lemonis' family.

118.     Counterclaim-Defendants' statements were meant to cause harm beyond harm to Lemonis individually, including because Counterclaim-Defendants' statements frequently referenced not only Lemonis personally, but his companies and business ventures.

119.     Counterclaims-Defendants' statements were intended to, and did, cause harm not only to Lemonis, but to Marcus Lemonis, LLC, which, upon information and belief, Counterclaim-Defendants targeted because, among other things, Marcus Lemonis, LLC was an

entity with which Counterclaim-Defendants interacted following their appearance on "The Profit."

120.     Counterclaim-Defendants' statements would be understood by the average reader and by readers in ML Counterclaim-Plaintiffs' line of business as including Lemonis' businesses, and in particular Marcus Lemonis, LLC, as that entity incorporates Lemonis' full name and, among other things, vendors and others in ML Counterclaim-Plaintiffs' industry interact with, or are otherwise familiar with, Marcus Lemonis, LLC, including because it is the entity listed as owning and operating Lemonis' widely-known official website, marcuslemonis.com.

121.     Readers would accordingly interpret Counterclaim-Defendants' statements as referring not only to Lemonis himself, but also to his businesses including Marcus Lemonis, LLC.

122.     Counterclaim Defendants' statements could not reasonably be interpreted as referring to companies or businesses other than those affiliated with Lemonis, including Marcus Lemonis, LLC, because the statements expressly relate to Lemonis, his companies, and his business ventures.

## FIRST COUNTERCLAIM

### (Defamation against all Counterclaim-Defendants)

123.     ML Counterclaim-Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 122 of these Counterclaims as if fully set forth herein.

124.     On information and belief, Counterclaim-Defendants own and operate the Bowery Kitchen Twitter Account.

125.    Counterclaim-Defendants knowingly published on the Bowery Kitchen Twitter Account false statements to hundreds of third parties and the world, including the statements set forth in Exhibit A hereto and in paragraphs 39-85 and 95-108 above.

126.    The published and knowingly false statements made by Counterclaim-Defendants were not authorized by ML Counterclaim-Plaintiffs.

127.    Counterclaim-Defendants acted with malice, negligence, and reckless disregard for the truth, and intended to harm Lemonis' personal integrity and ML Counterclaim-Plaintiffs' business integrity, as set forth in greater detail in paragraphs 39-85 and 95-108.

128.    Counterclaim-Defendants' public statements imply criminal activity and concern ML Counterclaim-Plaintiffs in their trade and are intended to impugn the basic integrity, creditworthiness, and competence of their business.  Such statements constitute defamation *per se*.

129.    ML Counterclaim-Plaintiffs have been harmed and continue to be harmed by Counterclaim-Defendants' defamatory statements.

130.    By reason of the foregoing, ML Counterclaim-Plaintiffs are entitled to damages in an amount to be determined at trial.

**SECOND COUNTERCLAIM**

**(Trade Libel -- Business Disparagement against all Defendants)**

131.    ML Counterclaim-Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs 1 through 130 of these Counterclaims as if fully set forth herein.

132.    On information and belief, Counterclaim-Defendants own and operate the Bowery Kitchen Twitter Account.

133.     Counterclaim-Defendants knowingly published on the Bowery Kitchen Twitter Account false statements to hundreds of third parties and the world, including the statements set forth in Exhibit A hereto and in paragraphs 39-85 and 95-108 above

134.     The published and false statement made by Counterclaim-Defendants constitute libel.

135.     The published and false statements made by Counterclaim-Defendants were not authorized by ML Counterclaim-Plaintiffs.

136.     Counterclaim-Defendants acted with malice, negligence, and reckless disregard for the truth, and intended to harm Lemonis' personal integrity and ML Counterclaim-Plaintiffs' business integrity and were intended to prevent others from dealing with Plaintiffs or otherwise interfere with their relations with others to their detriment, as set forth in greater detail in paragraphs 39-85 and 95-108.

137.     Counterclaim-Defendants' public statements imply criminal activity and concern ML Counterclaim-Plaintiffs in their trade and are specifically designed to dissuade others from dealing with ML Counterclaim-Plaintiffs or otherwise interfere with their relations with others to their detriment.

138.     ML Counterclaim-Plaintiffs have been harmed and continue to be harmed by Counterclaim-Defendants' libel.

139.     By reason of the foregoing, ML Counterclaim-Plaintiffs are entitled to damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order:

(a)     Dismissing the Complaint, with prejudice;

(b)     On the First Counterclaim for Defamation, awarding all general, specific, actual, economic, and non-economic damages to ML Counterclaim-Plaintiffs in an amount to be determined at trial;

(c)     On the Second Cause of Action for Trade Libel -- Business Disparagement, awarding all general, specific, actual, economic, and non-economic damages to ML Counterclaim-Plaintiffs in an amount to be determined at trial;

(d)     Awarding judgment that Counterclaim-Defendants are liable under each of the above Counterclaims;

(e)     Awarding compensatory damages in an amount to be proved after the discovery of all relevant evidence and trial;

(f)     Awarding ML Defendants/ML Counterclaim-Plaintiffs their reasonable attorneys' fees and costs incurred in connection with this action and the enforcement of their rights;

(g)     Costs and expenses in this action; and

(h)     Awarding such other and further relief as the Court deems just and proper.

Dated:  September 28, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By:    /s/ Owen R. Wolfe
Michael D. Wexler
(*admitted pro hac vice*)
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5559

Jesse M. Coleman
(*admitted pro hac vice*)
700 Milam Street, Suite 1400
Houston, Texas  77002
Telephone: (713) 238-1805

Owen R. Wolfe (OW1931)
620 Eighth Avenue
New York, New York  10018
Telephone: (212) 218-5500

*Attorneys for Defendants*
*Marcus Lemonis and Marcus Lemonis, LLC*